[Cite as *State v. Wilson*, 2016-Ohio-7287.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TIFFANY WILSON | : | Case No. 2015CA00221 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Canton Municipal
Court, Case No. 2015CRB04587



JUDGMENT:    Affirmed



DATE OF JUDGMENT:    October 11, 2016



APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

TASHA FORCHIONE                      PATRICK L. CUSMA
218 Cleveland Avenue, SW           702 Courtyard Centre
Canton, OH  44702                       116 Cleveland Avenue, NW
                                                    Canton, OH  44702

*Farmer, P.J.*

{¶1}   On September 29, 2015, appellant, Tiffany Wilson, was charged with receiving stolen property (a camera and a ring) in violation of R.C. 2913.51.  A jury trial was held on December 3, 2015.  The jury found appellant guilty as charged.  By judgment entry filed December 8, 2015, the trial court sentenced appellant to one hundred eighty days in jail, all but thirty days suspended.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}   "THE VERDICT AGAINST APPELLANT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

II

{¶4}   "THE VERDICT AGAINST APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

III

{¶5}   "APPELLANT'S CONVICTION WAS A RESULT OF CUMULATIVE ERROR AND SHOULD BE REVERSED ACCORDINGLY."

I, II

{¶6}   Appellant claims her conviction for receiving stolen property was against the sufficiency and manifest weight of the evidence as the state failed to prove beyond a reasonable doubt that she exercised dominion and control over the items or that she knew the items were stolen.  We disagree.

{¶7}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶8}   Appellant was convicted of receiving stolen property in violation of R.C. 2913.51 which states: "No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."

{¶9}   Two items were recovered from a pawnshop, a camera and a ring. T. at 78. The items belonged to Donna Cole. *Id.* Mrs. Cole testified appellant admitted to her that Mrs. Cole's daughter, Amanda, gave her the items and she and Amanda split the proceeds from pawning the items. T. at 77-78, 85, 87. Mrs. Cole testified the camera was in plain view in her home, and appellant knew the camera belonged to her because

Mrs. Cole had used it to take pictures of appellant.  T. at 75, 97.  Mrs. Cole's significant other, Geary Cole, testified appellant admitted to him that Amanda took the items and she [appellant] pawned the items.  T. at 108.

{¶10} The physical evidence demonstrates appellant identified herself as the "pledgor" of the items.  T. at 124, 136-137; State's Exhibit 2.  The videotape of the transaction demonstrates appellant presented the items to the pawnshop clerk, signed the pawn ticket, and received the money from the clerk.  T. at 124, 144; State's Exhibit 4.

{¶11} We find appellant's admissions, coupled with the videotape of the transaction and the pawn ticket, constitute sufficient credible evidence of appellant exerting dominion and control over the items and that she knew the items were stolen.

{¶12} Assignments of Error I and II are denied.

III

{¶13} Appellant claims cumulative error warranting reversal.  Given our ruling in Assignments of Error I and II, we find this assignment to be moot.

{¶14} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.

By Farmer, P.J.

Hoffman, J. and

Baldwin, J. concur.

SGF/sg 927